# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:17CR200 |
| | § | |
| ALFREDDIE POSTELL | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 6, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by William Tatum. The Court conducted a follow up hearing on April 9, 2018 to clarify the agreement of the Parties and the Court's resulting recommendation.

Alfreddie Postell was sentenced on January 31, 2008, before the Honorable Jane E. DuBois of the Eastern District of Pennsylvania after pleading guilty to the offenses of Conspiracy to Commit Armed Bank Robbery (Count 1); Armed Bank Robbery, Aiding and Abetting (Count 2 and 4); and Carrying and Using a Firearm During a Crime of Violence (Count 5). These offenses carried statutory maximum imprisonment terms of five years, 25 years, and life respectively. The guideline imprisonment range, based on a total offense level of 26 and a criminal history category of IV, was 92 to 115 months. On January 31, 2008, Defendant was subsequently sentenced to 48 months imprisonment as to Counts 1, 2, and 4; and 84 consecutive months of imprisonment on Count 5 for a total term of imprisonment of 132 months; followed by a 3 year term of supervised release on Count 1, and 5 years of supervised release on Counts 2, 4, and 5, all ordered to run concurrently. Said terms of supervised release are subject to the standard conditions of release,

REPORT AND RECOMMENDATION – Page 1

plus special conditions to include substance abuse testing and treatment, mental health treatment prohibited from gambling, no new credit, financial disclosure, restitution in the amount of $36,158.75, and a $400 special assessment. On September 13, 2016, he completed his period of imprisonment and began service of the supervision term. On November 17, 2017, jurisdiction was transferred from Eastern District of Pennsylvania to the Eastern District of Texas.

On February 2, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2 Sealed]. The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall participate in a program or programs of treatment and testing for alcohol and other drug abuse including, but not limited to, the furnishing of urine specimens, at the direction of United States Probation Office, until such time as Defendant is released from the program or programs by the United States Probation Office; (4) Defendant shall participate in a program or programs mental health treatment for his post-traumatic stress disorder including, but not limited to, the furnishing of urine specimens, at the direction of the United States Probation Office, until such time as Defendant is released from the program or programs by the United States Probation Office; (5) Defendant shall make restitution in the total amount of $36,158.75. Defendant shall pay the restitution imposed by this Judgment that remains unpaid at the commencement of his supervised release at the rate of not less than $50.00 per month while Defendant is employed, beginning not less than thirty (30) days after release from custody; (6) Defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the United States

Probation Office until his restitution obligation is paid-in-full; and (7) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

The Petition alleges that Defendant committed the following acts: (1) and (2) Defendant submitted a urine specimen at Addiction Recovery Center in Lewisville, Texas, on August 24 and September 13, 2017, which tested positive for marijuana. Alere Laboratory testing confirmed said use. On October 19, 2017, Defendant signed an admission form admitting to the use of marijuana on or about October 4, 2017. On November 9, 2017, Defendant submitted a urine specimen at the United States Probation Office in Plano, Texas, which was positive for marijuana. Alere Laboratory testing confirmed said use; On January 10, 2018, Defendant submitted a urine specimen at Addiction Treatment Resources, McKinney, Texas which was positive for marijuana. Alere Laboratory testing confirmed said use. (3) Defendant failed to submit a urine specimen on November 8, and December 12, 2016; and February 6, 2017, at Addiction Treatment Resources, in McKinney, Texas. The defendant also failed to submit a urine specimen on October 13 and 26, 2017, at Addiction Recovery Center, in Lewisville, Texas; (4) Defendant ailed to attend mental health counseling for the month of October 2017 at Pillar Counseling in Plano, Texas. He was terminated from treatment on November 9, 2017; (5) Defendant failed to make payments for the months of November and December 2016; January, February, July, September and December 2017; (6) On October 4, 2016, the defendant opened a line of credit with Kay Jewelers. On September 21, 2016, he opened a credit card with Chase Bank. The defendant opened both lines of credit without the permission of the U.S. Probation Office; and (7) On February 9, 2017, he advised the U.S. Probation Officer that he had made payments for November and December 2016. On March 10, 2017, he admitted to the U.S. Probation Officer that he never mailed payments for those months.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) through seven (7) of the Petition. Having considered the Petition and the plea of true to allegations one (1) through seven (7), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked on each Count and that he be sentenced as follows: Count 1 - one day imprisonment, which has already been served by the Defendant, with 35 months supervised release to follow with the first special condition that the first six months of supervised release be served on home confinement with location monitoring. Counts 2, 4, and 5 - one day of imprisonment with 54 months of supervised release to follow with a special condition that the first six months of supervised release be served on home confinement with location monitoring. All counts are to run concurrent. While on supervised release, Defendant must not commit another federal, state, or local crime, and must comply with the standard conditions that have been adopted by the Court. Additionally, the Court finds that the special conditions originally imposed by the Court are still relevant and should be reimposed as follows.

(1) Defendant shall pay restitution totaling $36,158.75 to the victim listed in the "Restitution" section of the Presentence Report, which is due and payable immediately. Any fine/restitution amount that remains unpaid when your supervision commences is to be paid on a monthly basis at a rate of 10% of your gross income, to be changed during supervision, if needed, based on your changed circumstances,

pursuant to 18 U.S.C. §3572(d)(3). If you receive an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) Defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed.

(2) Any and all financial penalties must be made by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 601 Market Street, Room 2609, Philadelphia, PA 19106.

(3) Defendant must pay any financial penalty that is inposed by the Judgment and that remains unpaid at the commencement of his term of supervised release.

(4) Defendant must provide the probation officer with access to any requested financial documents or other financial information.

(5) Defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

(6) Defendant must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

(7) Defendant must not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

(8) Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

(9) Defendant must participate in a program of testing and treatment for alcohol and/or drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. Defendant must pay any cost associated with treatment and testing.

(10) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. Defendant must pay any cost associated with treatment and testing.

**SIGNED this 10th day of April, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE