IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:17-CR-200 |
| ALFREDDIE POSTELL, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 26, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Chris Eason.

Alfreddie Postell was sentenced on January 31, 2008, before The Honorable Jane E. DuBois of the Eastern District of Pennsylvania after pleading guilty to the offenses of Conspiracy to Commit Armed Bank Robbery, a Class D felony; Armed Bank Robbery, a Class B felony; and Carrying and Using a Firearm During a Crime of Violence, a Class A felony. These offenses carried statutory maximum imprisonment terms of five years, 25 years, and life respectively. The guideline imprisonment range, based on a total offense level of 26 and a criminal history category of IV, was 92 to 115 months. On January 31, 2008, the defendant was subsequently sentenced to 48 months imprisonment as to Counts 1, 2 and 4; and 84 months imprisonment on Count 5 for a total term of imprisonment of 132 months; followed by concurrent 5-year terms of supervised release on each Count. Said terms of supervised release are subject to the standard conditions of

REPORT AND RECOMMENDATION – Page 1

release, plus special conditions to include substance abuse testing and treatment, mental health treatment, prohibited form gambling, no new credit, financial disclosure, restitution in the amount of $36,158.75 and a $400 special assessment. On September 13, 2016, he completed his period of imprisonment and began service of the supervision term. On November 17, 2017, jurisdiction was transferred from the Eastern District of Pennsylvania to the Eastern District of Texas. On April 13, 2018, Alfreddie Postell's term of supervised release was revoked and he was sentenced to one day imprisonment on all counts, followed by a 54 month term of supervised release with the first six months on home detention with electronic monitoring. Said term of supervised release is subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, mental health treatment, prohibited from gambling, no new credit, financial disclosure, and restitution in the amount of $36,158.75.

On August 2, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 26, Sealed]. The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) [Defendant] must make restitution in accordance with 18 USC 3663 and 3663A or any other statute authorizing a sentence of restitution; (2) Defendant shall pay restitution totaling $36,158.75. Any amount that remains unpaid when [Defendant's] supervision commences is to be paid on a monthly basis at a rate of 10% of [Defendant's] gross income; (3) After initially reporting to the probation office, [Defendant] will receive instructions from the court or the probation officer about how and when [Defendant] must report to the probation officer, and [Defendant] must report to the probation officer as instructed; (4) [Defendant] must follow the instructions of the probation officer related to the conditions of supervision; (5) [Defendant] must refrain from any unlawful use of a controlled substance; and (6) Defendant must participate in a program of testing and treatment for alcohol and/or drug abuse,

follow the rules and regulation of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise [Defendant's] participation in the program.

The Petition alleges that Defendant committed the following acts: (1), (2) The defendant failed to make restitution payments for the months of May, June, July, October and November 2018. January, February, March, April, May, and June 2019. Total amount paid to date is $7,079.18; (3), (4) The defendant failed to report to the U.S. Probation Office as instructed on July 2, 2019; (5), (6) On September 11, 2018, the defendant submitted a urine specimen at Addiction Treatment Resources in McKinney, Texas, which tested positive for marijuana. The defendant admitted to the use of marijuana. On January 17, 2019, the defendant submitted a urine specimen at the U.S. Probation Office which tested positive for marijuana. The defendant failed to submit a urine specimen at the U.S. Probation Office on July 2, 2019.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 5 of the Petition (for a violation of Mandatory Condition 3). The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 5, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a total term of six months, with a term of supervised release of thirty-six months to follow.

The Court further recommends the imposition of the following special conditions: (1) It is ordered that you are to pay restitution totaling $36,158.75 to the victim listed in the "Restitution" section of the Presentence Report, which is due and payable immediately. Any fine/restitution amount that remains unpaid when your supervision commences is to be paid on a monthly basis at a rate of at least 10% of your gross income, to be changed during supervision, if needed, based on your changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If you receive an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) you must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed; (2) Any and all financial penalties must be made payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 601 Market St. Room 2609, Philadelphia, PA 19106; (3) You must pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release; (4) You must provide the probation officer with access to any requested financial documents or other financial information; (5) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (6) You must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full; (7) You must participate in a program of testing and treatment for alcohol and/or drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (8) You must participate in any

combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 7th day of October, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE