**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § | **CRIMINAL NO. 4:17-CR-200-SDJ-KPJ** |
| **ALFREDDIE POSTELL** | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 12, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Wes Wynne.

On January 31, 2008, United States District Judge Jan E. Dubois sentenced Defendant to a term of one hundred thirty-two (132) months' imprisonment and five (5) years of supervised release. On April 13, 2018, the term of supervised release was revoked, and Defendant was sentenced to one (1) day imprisonment followed by fifty-four (54) months of supervised release with the first six (6) months served on home detention with electronic monitoring. On October 18, 2019, Defendant's term of supervised release was revoked for a second time, and he was sentenced to six (6) months' imprisonment followed by thirty-six (36) months of supervised release.

On May 17, 2021, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 48). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state, or local crime; (2) Defendant must not unlawfully possess a controlled substance; (3) Defendant must refrain from any unlawful use of a controlled substance; (4) Defendant must report to his probation

1

officer as instructed; (5) Defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the Court or his probation officer; (6) Defendant must notify his probation officer within seventy-two (72) hours after arrest or being questioned by a law enforcement officer; (7) Defendant must not incur new credit charges or open additional lines of credit without the approval of his probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (8) Defendant must pay restitution totaling $36,158.75 to the victim listed in the "Restitution" section of the Presentence Report; and (9) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules of that program until discharged.

The Petition asserts that Defendant violated these conditions because: (1) Defendant was arrested for possession of marijuana and ecstasy on May 5, 2021; (2) Defendant submitted urine samples that tested positive for marijuana on March 15, 2021 and March 25, 2021; (3) Defendant failed to submit required monthly supervision reports to his probation officer for the months of October 2020, December 2020, January 2021, and March 2021; (4) Defendant left the judicial district without permission as evidenced by his arrest in Georgia on May 5, 2021; (5) Defendant failed to notify the U.S. Probation Office that he was stopped in his vehicle by DFW Airport Police and issued a warning on December 19, 2020; (6) Defendant opened a First Progress credit card on August 26, 2020 without permission; (7) Defendant failed to make payments towards his court-ordered restitution for the months of August 2020 through March 2021; (8) Defendant failed to submit required drug tests on multiple dates in 2020 and 2021, refused to submit to a home visit drug test on March 5, 2021, and failed to attend a scheduled treatment session at Fletcher counseling on March 31, 2021.

At the August 12, 2021 hearing, Defendant entered a plea of true to allegations 3 through 9. Dkt. 58. The Government dismissed allegations 1 and 2. *Id.* Defendant also consented to revocation of his supervised release and waived his right to appear before the District Judge. *See* Dkt. 59. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 12, 2021 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, to be served consecutively to any other sentence imposed, with no term of supervised release to follow. Additionally, the Court recommends Defendant be placed at a Federal Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**So ORDERED and SIGNED this 16th day of August, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE